**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: September 04 2009

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: ) | Case No.: 06-33227 |
| ) | (Jointly Administered) |
| SAI Holdings Limited, et al., ) | |
| ) | Chapter 11 |
| Debtors. ) | |
| ) | Adv. Pro. No. 08-3284 |
| O'Keefe and Associates Consulting, LLC, ) | |
| Liquidating Agent for SAI Administrative ) | Hon. Mary Ann Whipple |
| Claims and Creditor Trust, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| D.A. Campbell and Company, Inc., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF DECISION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This adversary proceeding is before the court on Plaintiff's unopposed motion for summary judgment [Doc. # 19]. Plaintiff is the liquidating agent for the SAI Administrative Claims and Creditor Trust ("Trust"), which was established pursuant to the confirmed plan of reorganization in Debtors'

underlying Chapter 11 cases.[1] [*See* Case No. 06-33227, Doc. # 984, § 4.2.2 and Doc. # 1146]. Plaintiff is authorized under the confirmed plan of reorganization to commence this action on behalf of the Trust. [*Id.*, Doc. # 984, § 4.2.3]. Defendant is D.A. Campbell and Company, Inc. ("Defendant"), the alleged initial transferee of the transfers at issue in the Complaint.

In its complaint, Plaintiff seeks to recover, as preferential transfers under 11 U.S.C. § 547 or, in the alternative, as fraudulent transfers under 11 U.S.C. § 548, three payments that were made to Defendant by Debtor within ninety days before the date Debtor's Chapter 11 bankruptcy petition was filed. Plaintiff also seeks to recover alleged postpetition transfers under 11 U.S.C. § 549 and the disallowance of any claims of Defendant against Debtors' bankruptcy estates under 11 U.S.C. § 502(d) and (j). Plaintiff moves for summary judgment on its claims for recovery under § 547 only.

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising in or related to a case under Title 11. Debtors' Chapter 11 cases and all proceedings arising under Title 11, arising in the Chapter 11 cases or related to the Chapter 11 cases, including this adversary proceeding, have been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 84-1 of the United States District Court for the Northern District of Ohio. Proceedings to recover preferences are core proceedings that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(F). For the reasons that follow, Defendant's motion will be granted.

## FACTUAL BACKGROUND

The following facts are undisputed. Debtors' Chapter 11 petitions were filed on November 8, 2006. Debtor Sandusky Limited made three transfers by means of checks written on its account with Bank of America in the total amount of $23,976.00 ("the Transfers"). The checks were honored by the bank on September 29, 2006, October 3, 2006, and October 12, 2006. [Distel Aff., ¶ 5 and attached Ex. 1]. Defendant was a creditor of Debtor at the time of each transfer. [*Id.* at ¶ 6; Case No. 06-33229, Doc. # 9, Schedule F, p. 79[2]]. The Transfers either reduced or satisfied the debt owed to Defendant before the

---

[1] Debtors include SAI Holdings Limited, Athol Manufacturing Corp., and Sandusky Limited, whose cases are being jointly administered.

[2] The court takes judicial notice of the contents of its case docket and the Debtors' schedules. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); In re Calder, 907 F.2d 953, 955 n.2 (10th Cir. 1990); St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp., 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

Transfers were made. [*Id.* at ¶ 7-8]. Debtors' Chapter 11 unsecured creditors will not receive a 100% distribution on their claims and, if Debtors' cases were Chapter 7 cases and the Transfers had not been made, Defendant would not have received as much as the total amount of the Transfers. [*Id.* at ¶ 10].

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Under Fed. R. Civ. P. 56, made applicable to this proceeding by Fed. R. Bankr. P. 7056, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id.* Although a party fails to respond to a motion for summary judgment, the court must nevertheless satisfy itself that the moving party has met the demands of Fed. R. Civ. P. 56 before granting the motion. *See Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 407 (6th Cir. 1992).

### II. Preferential Transfers under 11 U.S.C. § 547

The Trustee seeks to avoid prepetition transfers to Defendant as preferences under 11 U.S.C. § 547(b), which provides as follows:

> Except as provided in subsection (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property–
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made–
>     (A) on or within 90 days before the date of the filing of the
>         petition; . . .

3

>                (5) that enables such creditor to receive more than such creditor would receive if–
>                        (A) the case were a case under chapter 7 of this title;
>                        (B) the transfer had not been made; and
>                        (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

While § 547(b) authorizes the avoidance of certain prepetition transfers, the Bankruptcy Code excepts from avoidance the types of transfers described in § 547(c), including transfers made in the ordinary course of business or transfers to the extent that the creditor subsequently advanced new value to the debtor. 11 U.S.C. § 547(c)(2) and (4). Plaintiff has the burden of proving all five of the elements making a transfer avoidable under § 547(b); however, the party against whom recovery or avoidance is sought has the burden of proving that a transfer is not avoidable under one of the affirmative defenses of § 547(c). 11 U.S.C. § 547(g).

The evidence in this case shows that Defendant is a creditor of Debtor Sandusky Limited, that the three transfers of Debtor's property in issue were made within ninety days before the bankruptcy petitions were filed, and that each transfer was on account of an antecedent debt owed by Debtor. Although Plaintiff must also prove that Debtor made the transfers in issue while it was insolvent, there is a statutory presumption of insolvency during the ninety days immediately preceding the filing of bankruptcy. 11 U.S.C. § 547(f). Defendant offers no evidence to rebut that statutory presumption. *See* (*In re Oakes*, 7 F.3d 234 (Table), 1993 WL 339725, *2 (6th Cir. Sept. 3, 1993) (citing *In re Sierra Steel, Inc.,* 96 B.R. 275, 277 (B.A.P. 9th Cir. 1989) and explaining that the presumption vanishes only after transferee comes forward with substantial evidence of solvency). Thus, there is no dispute that all transfers made to Defendant during the ninety days prior to the filing of the bankruptcy petition were made while Debtor was insolvent. And finally, the evidence also shows that the prepetition Transfers resulted in Defendant receiving more than it would have received had the transfers not been made and it received its pro rata share under Chapter 7. Plaintiff having satisfied its burden under § 547(b), and Defendant having failed to present evidence of any affirmative defense alleged in its answer, the court will grant Plaintiff's motion for summary judgment.

The relief sought by Plaintiff in its complaint includes not only recovery of the prepetition transfers but also prejudgment interest from the date it filed the complaint. The award of prejudgment interest in a preference action is within the discretion of the trial court. *Bergquist v. Anderson-Greenwood Aviation Corp., (In re Bellanca Aircraft Corp.),* 850 F.2d 1275, 1281 (8th Cir.1988); *Rybarczyk v. TRW, Inc.,* 235

F.3d 975, 985 (6th Cir. 2000) (finding that under federal law, an award of prejudgment interest is left to the discretion of the trial court). Prejudgment interest provides for complete compensation of the plaintiff, considering the time value of money, and discourages any tactical delay by the defendant. *Id.*; *Lapin v. Glatstian (In re Glatstian),* 215 B.R. 495, 497 (Bankr. D.N.J. 1997). Thus, prejudgment interest should be awarded when necessary to effectuate complete compensation, absent some justification for withholding it. *In re Milwaukee Cheese Wisconsin, Inc.,* 112 F.3d 845, 849 (7th Cir. 1997); *United Phosphorus, Ltd.,* 205 F.3d at 1236-37; *see also General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983) (holding that prejudgment interest should ordinarily be awarded absent some justification for withholding such an award in a patent infringement case).

In this case, Defendant raised no defense to Plaintiff's preference claim and did not dispute the facts presented by Plaintiff. Under these circumstances, the court finds no justification for withholding prejudgment interest and will award such interest from the date of filing the complaint.

There being no genuine issue of material fact, for the foregoing reasons, Plaintiff is entitled to summary judgment on its preference claim.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment be, and hereby is, **GRANTED.**[3]

---

[3] Because this motion does not address all of the claims in Plaintiff's complaint, final judgment will not yet be entered and a further pretrial conference will be scheduled.